**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                    No. CR 07-2433 JB

WILLIAM GARCIA CORNEJO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 29, 2008 (Doc. 51). The Court held a hearing on September 16, 2008. The primary issue is whether the Presentence Investigation Report ("PSR") miscalculated William Garcia Cornejo's offense level by using the total weight of a mixture, rather than only the weight of the fentanyl in the mixture. That issue, however, was resolved before sentencing. All of the other objections were also resolved before sentencing. As a result, the Court will overrule the objections in the Sentencing Memorandum.

**BACKGROUND**

    On June 3, 2008, Cornejo pled guilty to Count 2 of the Indictment, which alleges that Cornejo violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession With Intent to Distribute Fentanyl. The laboratory report on the analysis of the fentanyl substance in Cornejo's possession indicated that, although the substance he possessed weighed 1.75 kilograms, only 3.4% of that weight was actual fentanyl.

    The United States Probation Office ("USPO") prepared the PSR. According to the PSR, Cornejo's adjusted offense level is 26, and his criminal history category is IV, resulting in a

guideline imprisonment range of 92 to 115 months. On August 29, 2008, Cornejo filed a sentencing memorandum requesting a sentence of 57 to 71 months. Cornejo asks the Court to consider and rule upon seven objections and corrections to the PSR before imposing a reasonable sentence.

On September 4, 2008, the United States filed its response to Cornejo's sentencing memorandum. See United States' Response to Defendant's Sentencing Memorandum Filed August 29, 2008 (Doc. 51), filed September 4, 2008 (Doc. 52). The United States stated that it deferred to the USPO in the calculation of the guidelines sentence. See id. at 1. The United States further stated that it did not object to, or did not have further information regarding, any of Cornejo's other objections. See id. at 2. The United States also noted that it would move to dismiss Count 1 of the Indictment at sentencing. See id. at 1 n.1.

## 21 U.S.C. §§ 841(a)(1) and (b)(1)©

Subsections 841(b)(1)(A) and 841(b)(1)(B) of Title 21 expressly provide for measuring all of a mixture or substance containing an amount of one of the substances listed in their respective sections. 21 U.S.C. § 841(b)(1)© contains no similar "mixture or substance containing" language. Fentanyl is identified at 21 U.S.C. § 812 as a schedule II controlled substance. Specifically, fentanyl is located at 21 U.S.C. § 812(b)(6). This subsection contains no language referring to a "mixture or substance containing."

Unless otherwise specified, the Sentencing Guidelines use the entire weight of a mixture or substance containing any substance listed on the Drug Quantity Table to calculate offense levels. See U.S.S.G. § 2D1.1©, Drug Quantity Table, note (A). Fentanyl is listed on the Drug Quantity Table, without any special instructions regarding calculating the weight of a substance that contains fentanyl. See id. § 2D1.1©. Offense levels for convictions under 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)© are all calculated pursuant to U.S.S.G. § 2D1.1. See id. app. A. Even

-2-

though § 841(b)(1)© does not contain any language regarding mixtures similar to that in §§ 841(b)(1)(A) and 841(b)(1)(B), the Tenth Circuit upheld the use of the same Drug Quantity Table to calculate offense levels for all three subsections.  See United States v. Killion, 7 F.3d 927, 935 (10th Cir. 1993)("Nothing in § 841(b)(1)© negates the application of the 'mixture or substance containing a detectable amount' language.").

## ANALYSIS

Cornejo makes seven separate objections to the PSR.  All are now moot.  The Court overrules them all.

### 1. **Objection No. 1:  Facesheet.**

Cornejo objects to the PSR's facesheet.  Cornejo states that he self-identifies as an Hispanic and objects to the PSR's reference to him as a "White Hispanic."  Cornejo also indicates that the legal address should read 918 West Calle Alvord Street, Tucson, Arizona 85706.  The USPO amended the PSR to reflect Cornejo's concerns.  Accordingly, the Court will overrule Cornejo's objection as moot.

### 2. **Objection No. 2:  PSR ¶ 1, at 2.**

Cornejo objects to paragraph 1 on page 2 of the PSR.  Cornejo states that both Defendants pled to possession with intent to distribute fentanyl and aiding and abetting, and not to conspiracy. Specifically, Cornejo contends that he pled guilty only to Count 2 of the Indictment, Possession with Intent to Distribute Fentanyl and Aiding and Abetting, and not to Count 1 of the Indictment, Conspiracy to wit: Possession with Intent to Distribute Fentanyl.  Upon further review and discussion with the United States Attorney's Office, the USPO also concludes that Cornejo pled guilty only to Count 2 of the Indictment and that the parties agreed that the United States would move to dismiss Count 1 of the Indictment at the time of sentencing.

The USPO amended the PSR to reflect this information. Accordingly, the Court will overrule this objection as moot.

### 3. Objection No. 3: PSR ¶ 12, at 4.

Cornejo objects to paragraph 12 on page 4 of the PSR. Again, Cornejo states that both Defendants pled to possession with intent to distribute fentanyl and not to the conspiracy charge. Specifically, Cornejo contends that he pled guilty only to Count 2 of the Indictment, Possession with Intent to Distribute Fentanyl and Aiding and Abetting, and not to Count 1 of the Indictment, Conspiracy to wit: Possession with Intent to Distribute Fentanyl.

The USPO amended the PSR to reflect this information. Accordingly, the Court will overrule this objection as moot.

### 4. Objection No. 4: PSR ¶ 13, at 4.

Cornejo objects to paragraph 13 on page 4 of the PSR. Cornejo objects to the use of the 1.75 kilogram figure for calculating the offense level under the Sentencing Guidelines. Cornejo contends that he pled guilty to 21 U.S.C. § 841(b)(1)© and states that this provision contains no similar "mixture or substance containing" language as listed in 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B), which expressly provide for measuring all of the mixtures or substances containing an amount of the substance listed in their respective sections.

Cornejo contends that, because 21 U.S.C. § 812(b)(6) contains no language referring to a "mixture or substance containing," the offense level should be calculated using approximately 60 grams of fentanyl – 3.4% of 1.75 kilograms. Using the 60-gram figure, therefore, the base offense level should be 26 rather than 31. This base offense level, minus 2 points for role adjustment and 3 points for acceptance of responsibility, results in an offense level of 21. The guideline range for offense level 21, criminal history IV, is 57 to 71 months.

The USPO reviewed this objection and discussed it with Cornejo's counsel. Cornejo's objection was based on an incorrectly calculated offense level. At the time of the sentencing, Cornejo retracted this objection and stated that the Addendum resolved his objections. Accordingly, to the extent any objection remains, the Court overrules the objection as moot.

        **5.**      <u>**Objection No. 5: PSR ¶ 23, at 6.**</u>

Cornejo objects to paragraph 23 on page 6 of the PSR. Cornejo states that he would like the Court to know a little more about the underlying facts in this conviction. Cornejo contends that the "victim" in this case was burglarizing the automobile. Indeed, Cornejo asserts that the victim was armed and shot at Cornejo first. By copy of the addendum, the USPO included Cornejo's version of the offense described in paragraph 23 of the PSR for the Court's consideration at sentencing. Accordingly, the Court will overrule the objection as moot.

        **6.**      <u>**Objection No. 6: PSR ¶ 30, at 8.**</u>

Cornejo objects to paragraph 30 on page 8 of the PSR. Cornejo is not certain that the matter identified in this paragraph relates to him. He requests more information to determine whether this incident is a valid prior arrest as to him.

The USPO obtained the information listed for the arrest in paragraph 30 from the Pima County Justice Court, Tucson, Arizona, Case No. CR-95-516380 criminal docket, which identifies Cornejo. The USPO has attached court documents relating to this offense for the Court and the parties' review. The Court stood ready for an evidentiary hearing to resolve this issue, but neither party thought that a hearing was necessary, and Cornejo's counsel stated that the Addendum to the PSR resolved the issue. Accordingly, the Court will overrule the objection.

        **7.**      <u>**Objection No. 7:  PSR ¶ 31, at 8.**</u>

Cornejo objects to paragraph 31 on page 8 of the PSR. Cornejo wants the Court to know that

the alleged minor in this matter was not a minor. Cornejo maintains that the person who self-identified as a minor was concerned about a warrant and lied about his age.

The USPO included Cornejo's version of the offense described in paragraph 31 of the PSR in its Addendum for the Court's consideration at the sentencing. Accordingly, the Court overrules the objection as moot.

**IT IS ORDERED** that the objections in the Defendant's Sentencing Memorandum are overruled.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Susan Dunleavy
  Assistant Federal Public Defender
Federal Public Defender
Albuquerque, New Mexico

*Attorneys for the Defendant*